QUETERIO S. ACHILES *v.* FRANCISCO BAUTISTA CAJIGAL, HELEN LEE CAJIGAL, AND GORGONIO CAJIGAL.

NO. 2806.

FILED AUGUST 1, 1952.     DECIDED NOVEMBER 20, 1952.

LE BARON AND STAINBACK, JJ., AND CIRCUIT JUDGE BROWN IN PLACE OF TOWSE, C. J., DISQUALIFIED.

*Per Curiam.* The petition for rehearing in this case sets forth that "contrary to the law as laid down by this court" it "will not disturb the findings of a trial judge as to his conclusions depending wholly or largely on the credibility of witnesses," this court did make findings of fact contrary to those made by the trial judge. This court has on numerous occasions pointed out that an appeal in an equity case brings the entire record up for scrutiny and review and the findings of fact made by the trial judge though entitled to great weight, particularly when depending upon the credibility of witnesses and the weight of oral testimony, are not binding on this court. In the present case the court pointed out that practically all eight of the so-called "badges of fraud" were present beyond question.

Another point raised was that this court was in error in holding that the trial judge erred in not admitting or taking notice of the *Rivera* proceedings. Counsel attempts to justify this exclusion on the ground that the record was refused because it was offered to prove a general plan of defrauding, and, further, that the record was inadmissible since the transfer was made a long time prior to the time Rivera obtained judgment.

We repeat the finding in the original opinion (citing

24 Am. Jur. 143) that it is not necessary that the transferor's intention to defraud shall have been directed against any particular person and, again, respondent became a debtor of the petitioner when the fraudulent transaction took place on October 15, 1945, and not as of the date of the judgment of petitioner against respondent; thus at the time of the transfer to the wife in November, 1947, petitioner occupied the status of a prior existing and unpaid creditor, citing *Opfergelt* v. *Stevens,* 10 Haw. 256.

Inasmuch as the case must be reversed for such obvious errors and be reheard, it is unnecessary to pass upon the question of exemption for a jointly owned homestead which was not raised below or of what property, if any, belonged to the minors.

Petition for rehearing denied.